[Sac. No. 633. In Bank. — April 2, 1901.]

HERMAN F. PUCKHABER and wife, Respondents, v. SOUTHERN PACIFIC COMPANY, Appellant.

ACTION FOR DEATH — NEGLIGENCE — PROXIMATE CAUSE OF INJURY — ABSENCE OF PROOF. — In an action for death, assuming the negligence of the defendant to have been proved, it must be made to appear that such negligence was the proximate cause of the injury which resulted in the death; and in the absence of proof fastening the negligence to the injury, a case is not made out, and the case stands as if no negligence had been proved.

ID. — BACKING OF ENGINE — ABSENCE OF LIGHT UPON REAR — CAUSAL CONNECTION NOT SHOWN — PRESUMPTION OR GUESS NOT PERMISSIBLE. — Conceding that the death was caused by the backing of an engine, upon a dark and foggy morning, without any light upon the rear of the engine, in the absence of any proof tending to show any causal connection between the death and the absence of the light, none can be presumed, or conjectured, or guessed at by the jury, and a verdict and judgment for the plaintiff cannot be sustained. The deceased may have accidentally fallen upon the track, or may have been killed without fault upon his part, and under such circumstances that the absence of the light in no way tended to his death; and it cannot be inferred as a fact that the want of the light was the proximate cause of his death.

ID. — KILLING OF ANOTHER MAN — FAILURE OF PROOF. — The fact that another man was killed at the same time, in the absence of proof that he was then in the possession of his faculties, cannot raise a presumption that the absence of the light upon the tender was the proximate cause of death.

ID. — CODE RULE — SUPPORT OF VERDICT — SLIGHT EVIDENCE INSUFFICIENT. — Under section 1835 of the Code of Civil Procedure, only such evidence as " ordinarily produces moral certainty or conviction in an unprejudiced mind," is " deemed satisfactory," or " will justify a verdict." " Slight evidence " is insufficient; and where there is not even slight evidence to support the verdict, it must be set aside.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial. J. E. Prewitt, Judge.

The facts are stated in the opinion of the court.

John M. Fulweiler, and Foshay Walker, for Appellant.

Henley & Costello, and Pullen & Wallace, for Respondents.

GAROUTTE, J.—This is an action for damages by the parents, based upon the death of a son, alleged to have been caused by the negligence of defendant. The facts of the case are of the most meager character. Upon a dark and foggy morning, about half-past five o'clock, the mutilated dead body of this young man, a total stranger in the village, was found lying upon a side-track in the railroad yards of defendant at Rocklin. His body was discovered near the dead body of another man, also a stranger in the village. There were no witnesses to any accident. It is claimed by plaintiffs that deceased was killed by a backing engine and tender which passed over the particular spot to the roundhouse, about five o'clock of the same morning. The negligence of defendant is then claimed to be established by showing that the tender of this engine had no light upon the rear end thereof. It thus appears that the case in its facts is the merest skeleton. And inference, presumption, and conjecture necessarily play a prominent part in the search for evidence sufficient to support the verdict for plaintiffs.

For present purposes it will be conceded that the aforesaid engine and tender in backing to the roundhouse caused the death of deceased. It will be further conceded that defendant was guilty of negligence in backing this engine and tender to the roundhouse without a light upon the rear end thereof. Yet, after making these concessions, the case is still too weak to support a verdict and judgment. This is so, for the reason that there is a total lack of evidence showing any causal connection between the absence of a light upon the tender and the death of the deceased. It is a basic element in every right of recovery that a defendant's negligence must contribute to the injury,—must be the proximate cause of the injury. By proving defendant's negligence, without in some way fastening that negligence to the injury, a case is not made out. This is true, even though it be assumed that the law of this state is to the effect that, in the absence of evidence upon the subject, it will not be presumed that deceased was guilty of negligence. For, conceding negligence of defendant in the abstract was shown, and no negligence upon the part of deceased was shown, still a case may have arisen of *damnum absque injuria.* If the negligence of defendant in omitting to carry a light be simply abstract negligence,—that is, negligence having no relation whatever to the injury done,—then such negligence is a mat-

ter foreign to any issue in the case. And unless the negligence is connected with the injury, the case stands exactly as if no negligence had been proven. Plaintiffs insist that the jury had a legal right to infer as a fact that the absence of the light upon the tender was the cause of the death. While, as before suggested, it may not be presumed against deceased that he became drunken and slept upon the track, or deliberately stood upon the track in front of the backing engine, the laws of self-preservation denying any inference of such conduct upon his part, still, as is said in some of the cases, the deceased may have fallen insensible upon the track in a fit, and thus have been killed without fault upon his part, and, under such circumstances, that the absence of the light in no way tended to his death. Tested by this illustration, a dozen lights upon the tender would not have saved his life. Neither do we consider the fact that another man was killed at the same time sufficient evidence to create a presumption that the want of the light upon the tender was the proximate cause of death. To this point it may be said, there is not a scintilla of evidence that the *other man* was possessed of a single one of the five senses. It follows, therefore, that there is an absolute dearth of evidence to the point that the absence of the light upon the tender added the weight of a hair to the cause which occasioned the young man's death. No inference of fact justified by the law declares that the want of a light had any connection with the cause of death. It would be a guess, pure and simple, upon the part of the jury to so find as a fact, and a verdict and judgment cannot rest upon a foundation created upon a guess. It is as necessary for the plaintiffs to show that defendant's negligence caused the injury, as it is for them to show that defendant was guilty of negligence, or that the party was injured.

While there appears to be no authority in this state upon the question just discussed, we find authority elsewhere directly to the point. In *Welsh* v. *Erie etc. Railway Co.*, 181 Pa. St. 461, in discussing this principle, the court said: "Assuming, then, as to the general public, that the company was negligent in not operating the gates at night, or in not maintaining a flagman at night, or in not keeping a sufficient light, this negligence must be so connected with the injury to deceased as to afford a presumption that the negligence caused the injury. But how can we presume the negligence caused the injury, when

there is no necessary connection between the alleged negligence and the injury? . . . In this case the jury were permitted to presume negligence on the part of defendant, then to presume that deceased was lawfully on the railroad track, and then to still further presume that defendant's negligence caused his death. The plaintiff was bound not only to prove negligence as to the general public using the crossing, but to go further, and show that this negligence was the proximate cause of a particular individual's death, or, as in this case, of Welsh's death. A presumption must be based on a fact or facts, not on a presumption." In *Philadelphia etc. R. R. Co.* v. *Schertle,* 97 Pa. St. 450, it is said: "There was not a particle of proof that either the track or step had anything to do with his death. For aught that appears, he may have fallen in a fit, or for some cause wholly disconnected from either. The case was submitted to the jury without evidence, and the verdict has no better foundation than a guess." In *Stringert* v. *Ross Township,* 179 Pa. St. 614, we find the court using the following language: "But, in order to recover, it must be further shown that the negligence of the defendant in this regard was the producing cause of the death. If, taking all the facts together, a justifiable inference could be drawn that the negligent condition of the road was the cause of the death, then there was enough to carry the case to the jury. . . . Now, if all these things had been proven by testimony, there would have been sufficient evidence to carry the case to the jury, because a verdict could then be founded upon proof, and not upon mere inference. But there was no testimony upon any of these subjects, and the question then arises, whether the inference that the death was caused by the negligence of the defendant is the only inference that can be drawn from the facts that are in evidence. If it is not, and other inferences may be drawn from the same facts, then there is nothing for the jury but mere guesses or conjectures, and upon these no verdict can be founded."

Section 1835 of the Code of Civil Procedure declares: "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict. Evidence less than this is denominated slight evidence." The evidence in this case upon the point under discussion falls far short of filling the measure furnished by this section of the code.

Here there is not even slight evidence that the absence of the light to any degree contributed to the death of deceased. For a jury to so declare, could only be done by the indulgence of the merest conjecture. It would be a guess upon the part of the jurors, and would not rise to the dignity of an inference.

In arriving at the conclusion declared, the court has considered but one branch of the evidence; the remaining branches of it going to establish other elements of the case are afflicted with almost the same degree of weakness. The only theory advanced by plaintiffs in their brief as to the circumstances surrounding the death is as follows: "The only rational explanation of the simultaneous killing of these two men is, that this monster engine of death, bearing no light and giving no warning of its approach, suddenly came down upon them in the darkness and ground them into fragments while they were on their way to become passengers on the train of defendant then preparing to move out of the depot." It may be suggested that we find no word of evidence in the record indicating, directly or indirectly, that these two men contemplated being passengers on defendant's train.

For the foregoing reasons the judgment and order are reversed.

McFarland, J., Van Dyke, J., Harrison, J., and Henshaw, J., concurred.

Rehearing denied.