[Civ. No. 814.   Second Appellate District.—June 17, 1910.]

## J. E. FINNALL, Appellant, v. J. W. B. MERRIMAN, Respondent.

MOTION FOR NEW TRIAL—STATEMENT OF CASE—AUTHENTICATION BY JUDGE ESSENTIAL.—Where a party moving for a new trial gives notice that it will be upon a statement of the case, it is his duty to propose such a statement, and have it settled, signed and certified by the judge; and it must be so authenticated before it can be filed with the clerk. Without such signature and certificate of the judge there is no statutory statement on which the motion may be heard; and an unauthenticated paper printed in the transcript is no part of the record upon appeal and must be disregarded.

ID.—EFFECT OF STIPULATION IN TRANSCRIPT AS TO RECORD—EVIDENCE NOT MADE REVIEWABLE.—A stipulation in the transcript that it contains a correct copy of the record, including the instructions given and refused by the court, as well as the statement on motion for a new trial, cannot have the effect to present such statement to the court as a basis for a review of the evidence therein contained.

ID.—ERROR IN INSTRUCTIONS NOT SHOWN.—Conceding, for the purposes of the case, that the stipulation presents the instructions given and refused, yet this court cannot say, in the absence of any evidence in the record presented upon the trial that can be considered, that the giving or refusal of such instructions constituted reversible error, especially where there is nothing in the record indicating that the giving or refusal of such instructions was properly excepted to at the time.

ID.—INTENDMENTS IN FAVOR OF SUSTAINING INSTRUCTIONS.—All intendments are in favor of sustaining the instructions of the court, and if such instructions are proper upon any possible view of the evidence, the action of the court thereon must be sustained.

APPEAL from an order of the Superior Court of Riverside County denying a new trial.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

W. L. Williams, and Hammack & Hammack, for Appellant.

Purington & Adair, for Respondent.

ALLEN, P. J.—The action was brought upon a promissory note executed by the defendant to plaintiff's assignor. The answer set up facts showing there was no consideration there-

13 Cal. App.—39

for; that the note was executed to one Rogers, plaintiff's assignor, who was agent for a life insurance company, under an agreement that if defendant's application for a policy of insurance was declined the note was to be returned; that defendant's application was rejected and no policy ever issued; that Rogers represented to defendant that he would make application to another company for a like policy and that if upon receipt of said policy the defendant, after an examination of the same, was dissatisfied therewith, the privilege would be given him to return such policy without any liability for the payment of the premium, or of the note theretofore executed; that a second company did issue a policy; that defendant within the stipulated time examined the same, was dissatisfied therewith and returned the policy to the company; that Rogers, in violation of his agreement, transferred the note to plaintiff. It was alleged that plaintiff did not purchase or acquire the note in the ordinary course of business; that he had knowledge at the time of said purchase of facts and circumstances concerning the making of the note, and that the price paid therefor by plaintiff was grossly inadequate to the amount expressed on the face of the note, sufficient to arouse the suspicions of an ordinarily prudent man and put him on inquiry as to the consideration of said note; denied that plaintiff was the *bona fide* holder of the note for value.

The case was tried by a jury, which returned a verdict for defendant. Judgment was rendered upon such verdict June 24, 1908. Thereafter, on July 14, 1908, plaintiff moved for a new trial, specifying in said motion that the same would be made upon a statement of the case. When this motion for a new trial was denied, if, in fact, it was denied, is not made to appear. The appeal is from the order denying a new trial.

The transcript contains no statement settled or signed by the judge. Rule III of the court is violated by the omission to give the name of the judge whose decision it is sought to review. "When notice is given of a motion for a new trial, to be made on a statement of the case, it is the duty of the moving party to propose such a statement, and have it settled, signed, and certified by the judge. The statement must be authenticated in that way before it can be filed with the clerk of the court. . . . But the signature and certificate of the judge are indispensable. Without them there is no statutory

statement on which the motion may be heard. An unauthenticated paper in the transcript, purporting to be a statement, is no part of the record on appeal, and must be disregarded.'' (*Adams* v. *Dohrmann,* 63 Cal. 418.) There is in the transcript a stipulation that the same contains a correct copy of the record, including the instructions given and refused by the court, as well as the statement on motion for a new trial, but this cannot have the effect to properly present such statement to the court as a basis for a review of the evidence therein contained. Conceding, for the purposes of this case, that this stipulation presents the instructions given and refused, we cannot say, in the absence of any evidence presented upon the trial, that the giving or refusal of such instructions constituted reversible error. Nor is there anything before us indicating that the giving or refusing of such instructions was properly excepted to at the time. It is said in *Frost* v. *Grizzly Bluff C. Co.,* 102 Cal. 526, [36 Pac. 929], that where a bill of exceptions merely shows instructions given and refused and the exceptions thereto, the judgment will rarely be reversed, all intendments being in favor of sustaining it. If such instructions were proper under any view of the evidence properly admissible under the issues, the action of the court must be sustained.

We find no reversible error in the record and the order is affirmed.

Shaw, J., and Taggart, J., concurred.