[Civ. No. 3816. First Appellate District, Division Two.—June 27, 1921.]

ELLA W. ALBERT, as Administratrix, etc., Respondent, v. McKAY & CO. (a Corporation), Appellant.

[1] NEGLIGENCE—THEORY OF KILLING—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY OF.—In an action for damages for death, where the evidence in support of plaintiff's theory of the case is circumstantial, the plaintiff's case is not sufficient merely because the circumstances proved are consistent with the plaintiff's theory, but the circumstances must show, when weighed with the evidence opposed to them, that the circumstances relied on have more convincing force substantiating the theory contended for, and from which theory it results that the greater probability is in favor of the party upon whom the burden rests.

[2] ID.—PRESUMPTION OF NEGLIGENCE—PREJUDICIAL ERRONEOUS INSTRUCTION.—In this action for damages for the death of plaintiff's intestate, the court's instruction, after assembling certain facts, that "from such circumstances, if they have been proved, and in the absence of any explanation from the defendant the

law presumes that the defendant was negligent, and the burden is then cast upon the defendant," etc., was erroneous, and, as there was no eye-witness to the accident which caused the death of the decedent, the instruction complained of must have been highly prejudicial.

APPEAL from a judgment of the Superior Court of Humboldt County. George D. Murray, Judge. Reversed.

The facts are stated in the opinion of the court.

A. E. Cooley, Cooley & Lachmund, Cooley, Crowley & Lachmund, Clarence Coonan and Pierce H. Ryan for Appellant.

Puter & Quinn for Respondent.

STURTEVANT, J.—This is the second appeal in the above-entitled action. The first appeal was heard and determined in the supreme court (174 Cal. 451, [163 Pac. 666]). The facts of the case are set forth in that decision. The first count in the complaint was dismissed, a nonsuit was granted as to the third count, and the judgment, from which this appeal was taken, rests on the second count referred to in that opinion. The theory on which the second count was framed was that the deceased, Frank H. Albert, had commenced his work when the machinery was not in operation, and that when he had placed himself in a position of danger that the machinery was started in motion and that a set-screw (from which decedent had removed the guard) caught in his clothes and revolved his body against the wooden beams and thus caused his death. No one witnessed the accident. To prove her theory of the case the plaintiff caused to be constructed in the courtroom a model built to scale showing the exact dimensions of the space in which the body of the deceased was afterwards found. She also introduced expert testimony showing what would be the effect produced if, when the machinery was idle, the human form of a man of the size of the deceased should be inserted between the timbers and the idle shaft, and that thereafter the machinery should be set in motion. She also introduced in evidence the broken watch which it was claimed was running and in good order the night before the accident, and

was so broken that the hands could not move at all when it was taken from the body of the decedent after the accident, and which showed that it was broken at twenty-six minutes past 7. Having introduced this testimony the respondent contends that it would have been suicidal for the deceased, while the machinery was in operation, to inject his body in the space where his body was afterwards found. She also argues that the broken watch shows that the deceased met his death at twenty-six minutes after 7, and she also argues that there are other circumstances which show that her theory as stated in her pleading is sustained by the evidence —that is, by indirect evidence. The appellant takes the position that the plaintiff was not entitled to recovery because (1) the machinery was in full operation before and at the time the decedent commenced his work; (2) that the decedent had been expressly forbidden to do the work which he was proceeding to do at the time of the accident; and (3) that the trial court committed error in giving to the jury certain improper instructions. We think that the appellant is supported by the record as to each one of these contentions, and we shall address ourselves to each of these contentions in the order stated.

[1] (1) It may be conceded, as the plaintiff argues, that the evidence in the case may be claimed to show that the decedent could have been killed in the manner in which the plaintiff contends for. However, this contention rests on circumstantial evidence, if at all. Resting on circumstantial evidence the plaintiff's case is not sufficient merely because the circumstances proved are consistent with the plaintiff's theory; but, the circumstances must show, when weighed with the evidence opposed to them, that the circumstances relied on have more convincing force substantiating the theory contended for, and from which theory it results that the greater probability is in favor of the party upon whom the burden rests. (*Wilbur* v. *Emergency Hospital Assn.,* 27 Cal. App. 751, 759, [151 Pac. 155]; *Puckhaber* v. *Southern Pac. Co.,* 132 Cal. 363, 366, [64 Pac. 480]; *Union Investment Co.* v. *San Francisco Gas etc. Co.,* 168 Cal. 58, 62, [141 Pac. 807].) But the evidence does not measure up to such requirements. The fact, if it be a fact, that the watch was broken in the accident does not at

all tend to show when the machinery was put in motion. Conceding that it would have been a very dangerous act for the decedent to have inserted his body in the space where he was killed, there is nothing to show that he did so; but, on the other hand, he may have been working near the shaft, his clothes may have caught on the set-screw, and his body may have been drawn into the space where the body was later found.

(2) The uncontradicted testimony of Mr. Cotter, the superintendent, was to the effect that he did not know until after the accident that the decedent was doing the work which consisted of making certain changes in the location of some of the shafts, and, furthermore, that he had expressly forbidden the decedent to make the changes. There is other testimony in the record tending to corroborate Mr. Cotter in the foregoing testimony. There is no evidence whatever in the record tending to contradict him. In the case of *Andrews* v. *Valley Ice Co.*, 167 Cal. 11, at page 21, [138 Pac. 699, 703], the supreme court quoted with approval Thompson on Negligence, section 5396, as follows: "The rule is the same in the case where a servant brings an injury upon himself in consequence of violating special or particular orders which he has received in a given juncture; he cannot make his own fault in violating such orders the ground of recovering damages for the injury which he thus brings upon himself." Closely allied to this same point, but not necessarily a part thereof, the uncontradicted testimony is that the decedent was employed as a saw-filer, and that his duties were to be performed on the floor immediately above where the accident occurred. It is also to the effect that he had no duties whatever to perform on the floor where the accident occurred. In the case of *Jacobson* v. *Northwestern Pac. R. R. Co.*, 175 Cal. 468, 472, [166 Pac. 3, 5], the court said: "In the case at bar, no facts appear which tend to show any obligation of defendant to deceased which it failed to discharge. Indeed, the testimony of the contractor's foreman to the effect that in the course of the work of installing the runway they had no occasion to go upon or use the platform and that Jacobson's act in going upon it was not due to any order expressly given, nor to anything connected with the work in which he was engaged

in doing, is not controverted. Having, as stated, for his own convenience and without invitation on the part of the defendant, intruded upon a place of danger in which position as to defendant he was, if not a trespasser, at least a licensee as to whom defendant owed no duty for the violation of which it is liable, the injury suffered must be deemed to have resulted solely from his own negligence.'' There was not, therefore, any evidence tending to support the allegation of plaintiff's complaint which is as follows: '' . . . that on the said tenth day of March, 1913, the said Frank H. Albert approached said shaft *while in the performance of his said duties* . . . '' But that allegation was the gravamen of plaintiff's cause of action.

[2] (3) The plaintiff on the trial of the case requested, and the judge gave, an instruction attempting to apply to the facts of this case the doctrine of *res ipsa loquitur*. The appellant contends that that doctrine has no application to the facts of this case. The instruction complained of is Number Eight. It is very long and contains several paragraphs. After assembling certain facts the instruction proceeds: ''. . . and from such circumstances, if they have been proved, and in the absence of any explanation from the defendant the law presumes that the defendant was negligent, and the burden is then cast upon the defendant to show that the dropping of the tightener and starting the shaft to revolve, was not due to any negligence of the defendant.'' In such paragraphs the trial court used the word ''presumption'' nine times. Of course, there is no such presumption. If there is any such presumption one can turn to the particular statute and read it, but everyone must concede that such presumption has never been written into our statutes. If by the word ''presume'' the court meant ''infer,'' then the court was usurping the function of the jury and was instructing on a question of fact, for it rested with the jury to infer negligence or not to infer negligence. These propositions have been adverted to by the supreme court in a long line of cases. (See *People* v. *Walden,* 51 Cal. 588, and the long discussion on the subject contained in *Davis* v. *Hearst,* 160 Cal. 143, 176, 177, [116 Pac. 530].) The instruction was erroneous, and, as there was no eye-witness to the accident which caused the death

of the decedent, the instruction complained of must have been highly prejudicial.

The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1921.

Lawlor, J., and Shurtleff, J., dissented.

Angellotti, C. J., was absent.