[Civ. No. 73. Fourth Appellate District.—November 19, 1930.]

JOSEPH H. MONTGOMERY, Plaintiff and Appellant, v. GLOBE GRAIN AND MILLING COMPANY (a Corporation), Respondent; YELLOWAY INC. (a Corporation) et al., Defendants and Appellants.

L. Kearney for Plaintiff and Appellant.

B. P. Gibbs for Defendants and Appellants.

A. G. Ritter and H. P. Hibbard for Respondent.

MARKS, Acting P. J.—This is an action for damages for personal injuries alleged to have been suffered by the plaintiff in an automobile accident in San Bernardino County on the twenty-fifth day of June, 1927. The case was tried before a jury. At the close of the plaintiff's case a motion for nonsuit was granted in favor of the Globe Grain and Milling Company. A judgment was later entered in favor of this company, from which the plaintiff has appealed. At the close of the evidence, upon motion of Yelloway Inc. and California Highway Indemnity Exchange, an instruc-

tion was given directing the jury to return a verdict in favor of these defendants, and judgment was entered in their favor. The plaintiff then moved the court for a new trial as to all defendants. The motion was denied as to the Globe Grain and Milling Company and granted as to the other defendants, who thereupon took an appeal. We, therefore, have before us two appeals, one by the plaintiff from the judgment of nonsuit in favor of the Globe Grain and Milling Company and the other by the defendants from the order granting the plaintiff's motion for a new trial. These appeals are prosecuted upon one record.

The accident causing the injuries to the plaintiff occurred upon the approach to a bridge over the Mohave River, between Victorville and Oro Grande in San Bernardino County. The plaintiff was employed by the highway department of the state of California and was engaged in painting the railing on the westerly side of the approach to this bridge. He was standing with his feet in the road leaning forward with his head and part of his shoulders under the rail. The bridge runs in a general northerly and southerly direction. The roadway, after leaving the northerly end of the bridge, makes a curve to the west, and at the point of the accident it was eighteen feet in width between the guard-rails. A truck belonging to the Globe Grain and Milling Company crossed the bridge proceeding northerly and when its front was opposite the plaintiff it came into collision with a stage approaching the bridge from around the curve. This stage bore upon its side the names "Mohawk" and "Yelloway". As the left front fender of the stage brushed the left front fender of the truck the stage was pulled sharply to the right and pinned the plaintiff to the guard-rail, breaking his legs and otherwise seriously injuring him.

The motion for nonsuit made in behalf of the Globe Grain and Milling Company was granted upon the ground that there was no evidence of any negligence on the part of this company. Whether or not this judgment is supported by the evidence is the sole question to be decided upon plaintiff's appeal.

We have examined the record carefully and can find no evidence of any negligence on the part of the Globe Grain and Milling Company or the driver of its truck. The truck was proceeding upon its own right-hand side of the

road at a speed of not more than fifteen miles per hour. It was seen by plaintiff when it was at a distance of about two hundred feet from him. When it was opposite him and proceeding at a lawful speed upon its own side of the road its left front fender was brushed by the left front fender of the stage. The injury to plaintiff was apparently caused by the stage pulling sharply to the right to avoid a more serious collision with the truck. There being no evidence indicating that there was any negligence on the part of the driver of the truck of the Globe Grain and Milling Company, the judgment in its favor must be affirmed.

Hereafter in this opinion in considering the appeal of Yelloway Inc. and California Highway Indemnity Exchange, we will refer to them as appellants, and to the plaintiff as the respondent.

Yelloway Inc. was a corporation organized and existing under and by virtue of the laws of the state of Colorado, and California Highway Indemnity Exchange was an incorporated association organized for the purpose of insuring its members against claims for loss or damage resulting from motor vehicle accidents. It had written a policy of insurance upon the stage involved in this action under the terms of which it was made a defendant.

Yelloway Inc. was engaged in selling transportation by motor bus to passengers between the cities of Denver and Los Angeles. It maintained an office in the city of Denver, at which tickets were sold to many of the passengers who were upon the bus at the time of the accident. The stage was registered in the name of W. C. Olson as registered owner and the Mack International Truck Corporation as the legal owner. Olson had been made a defendant in the action, but as he had not been served with summons the case against him was dismissed.

The motion for new trial was made by respondent upon the grounds of the failure of the evidence to support the verdict, and that the verdict was contrary to the evidence, and for errors of law occurring during the trial. The order granting the motion for new trial was general in its terms and did not specify that it was granted upon the grounds of the insufficiency of the evidence to sustain the verdict. Appellants contend that as this order was general in its terms this court cannot now review the evi-

dence to determine whether or not the instruction by the trial court to the jury directing it to return a verdict in favor of these appellants was contrary to or was supported by the evidence. They maintain that this instruction was a conclusion of law drawn by the trial court from the evidence and does not constitute such error of law as will furnish grounds for a reversal of the judgment.

It is a well-settled rule of law in California that an erroneous instruction given by the court to the jury is an error of law that is considered excepted to as a matter of law. (Sec. 647, Code Civ. Proc.) While an instruction gives the law of the case to the jury, its applicability, and oftentimes its correctness, depends upon the evidence in the case. An instruction should not be considered as merely an abstract statement of a principle of law, but it must relate to and be measured by the circumstances of the case in which it was given. To determine the question of whether there was any error in giving it frequently requires an examination of the evidence in the case. (*Hamlin* v. *Pacific Elec. R. Co.,* 150 Cal. 776 [89 Pac. 1109]; *Shipley* v. *San Diego Elec. R. Co.,* 106 Cal. App. 659 [289 Pac. 662].) In the case of *Sullivan* v. *Market Street R. Co.,* 136 Cal. 479 [69 Pac. 143], the question involved was similar to the one which we are considering. In the Sullivan case it was said:

"This is an appeal from an order granting a new trial. The order reads as follows: 'In this action the plaintiff's motion for a new trial herein having been argued and submitted, now, by the court, it is ordered that said motion be, and the same is, hereby granted for the reason only that the court erred in giving as modified defendant's instruction relative to the presumption of negligence, being the instruction to which plaintiff's exception No. 7 was reserved in the statement on motion for new trial herein.' . . .

"By the above instruction the judge, in effect, said to the jury that, in his opinion, there was not sufficient evidence to establish the charge of negligence against the defendant, and thus violated the provision of the Constitution forbidding him to charge the jury 'with respect to matters of fact'. Upon his attention being called thereto, upon the motion for a new trial, he very properly set the verdict aside. Moreover, the instruction is practically the equivalent

of a direction to the jury to find for the defendant, and evidently they so understood it; and unless the testimony in favor of the contention on the part of the plaintiff that it was the fault of the motorman that the accident occurred was so slight as not to justify the case being submitted to the jury, the instruction should not have been given. The judge of the court below, therefore, in granting a new trial must have been of the opinion that there was sufficient testimony in favor of the plaintiff to justify the case being submitted to the jury. To reverse the order of that court, under the circumstances, this court would have to hold, against the opinion of the trial judge, that the testimony was insufficient to warrant the case going to the jury. This brings the case within the general rule that the appellate court, will not disturb the action of the trial court, based upon a substantial conflict in the evidence.''

To the same effect are the cases of *Hampton* v. *Occidental etc. Co.*, 139 Cal. 706 [73 Pac. 579]; *Jansson* v. *National Steamship Co.*, 189 Cal. 187 [208 Pac. 90]; *Dunne* v. *Hines*, 50 Cal. App. 345 [195 Pac. 276]. We therefore conclude that the giving of an erroneous instruction is an error of law and that to determine whether there was any error committed in the giving of such instruction this court may consider all of the evidence in the case.

The sole question involved in this appeal, and the one which apparently influenced the trial court in granting the motion for new trial, is, whether the stage driven by Olson and which injured the plaintiff was under the control of the appellant Yelloway Inc. In order to determine whether the court erred in giving its instruction to the jury to return a verdict for appellants we must consider the evidence bearing upon this question.

We find in the record a written contract executed by Yelloway Inc. and the Western Auto Travel Agency Inc., as the first parties and W. C. Olson as the second party. This contract particularly set forth the terms under which Olson operated, and from this contract it appears that the parties of the first part had spent large sums of money in advertising their routes of transportation and had established a sufficient volume of business to warrant the operation of additional busses between the destinations named. They agreed to maintain suitable depots, offices, and agencies

in Denver and Los Angeles to handle passengers; to advertise the bus equipment used in the business, including the equipment of Olson, and to sell tickets over his run at their own expense; to give Olson his schedule of departures from the terminals upon his run and not to sell transportation for any other schedule until Olson's bus was filled to capacity, nor to operate any other busses on his run. Olson was to be paid twenty dollars for each passenger transported between the terminals and two cents per mile for passengers transported between intermediate points. Olson agreed to place his bus equipment upon the run between Denver and Los Angeles and to provide bus equipment for each schedule of departure required by the first parties. He was required to operate on the schedules and over the route established by the first parties and with equipment and drivers satisfactory to them; to maintain his equipment in good mechanical condition, clean and in presentable appearance satisfactory to the first parties. Olson further agreed to have his bus equipment distinctly painted and lettered according to the directions of the first parties and to conform to any changes in this regard requested by them. He further agreed to carry no passengers except those provided by the first parties and to accept and transport all passengers provided by them and to deliver such passengers to their respective destinations upon the schedules established by them. They were also given an option to purchase Olson's equipment, and, further, they were given the right to transfer Olson and his equipment to any other run which in the opinion of their officers might prove more profitable. Olson was required to report to the first parties any accident in which his bus participated. The contract reserved to the first parties general supervision over the operation of the Olson bus and contained the following paragraph:

"This contract shall be construed as a lease on said equipment from second party (Olson) to first parties (Yelloway Inc., and The Western Auto Travel Agency Inc.) with all rights or priority for use of the highway, and all rights of operations upon which a franchise might be applied for shall accrue to the parties of the first part."

This contract bore the signatures of Yelloway Inc., by R. W. Taggart, president, and the Western Auto Travel Agency Inc., by R. W. Taggart, president.

On the trip in question the bus left a Yelloway station or office in Denver where the passengers had purchased their tickets and had the name "Yelloway" painted on its sides.

Appellants contend that under the terms of the contract Olson was an independent contractor, and he being such, no liability attached to Yelloway Inc. "An independent contractor . . . is one who renders service in the course of an occupation, representing the will of his employer only as to the results of his work, and not as to the means by which it is accomplished." (*Luckie* v. *Diamond Coal Co.,* 41 Cal. App. 468 [183 Pac. 178].) The right or power to control the activities of one by another is the element which distinguishes the relation of employer and employee and that of independent contractor. (*Press Pub. Co.* v. *Industrial Acc. Com.,* 190 Cal. 114 [210 Pac. 820].)

In the case before us it appears from the contract that Yelloway Inc. reserved such right of control over the operations of Olson that we believe he cannot be considered an independent contractor transporting passengers for hire. This is evidently the conclusion reached by the trial court in granting the motion for new trial. Much is committed to the discretion of the trial court in considering grounds for new trial. (*Thompson* v. *California Const. Co.,* 148 Cal. 35 [82 Pac. 367].) Under the facts of this case we cannot say that the court below abused its discretion in granting the motion in so far as these appellants are concerned.

The judgment in favor of the Globe Grain and Milling Company is affirmed. The order granting a new trial as to the defendants Yelloway Inc. and California Highway Indemnity Exchange is affirmed.

Barnard, J., concurred.

Warmer, J., *pro tem.,* deeming himself disqualified, did not participate herein.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.