[Civ. No. 8715. First Appellate District, Division One.—September 28, 1934.]

CELESTE POZZOBON, Appellant, v. JOHN O'DONNELL et al., Respondents.

Henri Burkard, Edmund Scott and Albert Picard for Appellant.

Gus L. Baraty for Respondents.

KNIGHT, J.—Plaintiff was awarded $1500 damages by a jury, and judgment was entered accordingly. Subsequently the trial court granted a new trial on the ground of errors of law. From the order made in that behalf plaintiff appeals. The action arose out of an automobile collision which occurred on Christmas day at an intersection of two streets in San Mateo, between a Ford passenger automobile owned, driven, and occupied by plaintiff, and a Chevrolet delivery wagon owned by the defendant Bray, driven by his employee, the defendant O'Donnell, and occupied by O'Donnell and his wife. Both automobiles were more or less wrecked, and their occupants sustained personal injuries.

The defendants answered separately and each filed a cross-complaint for damages, alleging that the collision was proximately caused by plaintiff's negligence. O'Donnell's answer set up a special defense to the same effect. Bray alleged by way of special defense that on the day of the accident O'Donnell was driving and operating said delivery wagon without his knowledge, permission or consent, not in furtherance of his business nor for or on his behalf. The evidence adduced in support of Bray's special defense shows that he was engaged in a mercantile business in San Francisco and O'Donnell was in his employ as sales and delivery man. Both lived in San Francisco. O'Donnell carried on his employment with the aid of said delivery wagon. When not in use it was kept in a garage belonging to Bray in a section of the city other than that in which he lived. O'Donnell had access to the garage and carried the keys to the delivery wagon. Christmas, being a holiday, was O'Donnell's day off. Nevertheless, without obtaining permission from Bray, he took the delivery wagon from the garage, drove it to his home to get his wife, and they then proceeded to drive to San Mateo, intending to eat their Christmas dinner there; but before reaching their destination the accident happened.

On this appeal defendants join in one set of briefs, and in support of the order granting the new trial contend, first: That the trial court erred in giving certain instructions (a) on the presumption of agency; (b) on contributory negligence; (c) on imputable negligence as declared in section 1714¼ of the Civil Code; (d) on questions of fact; second, that a nonsuit should have been granted as to Bray; third, that there was no evidence of agency connecting Bray with the operation of the delivery automobile at the time of the collision; and fourth, that the amount of damages awarded was excessive.

We are of the opinion that the trial court was justified in granting a new trial as to Bray, but not as to O'Donnell. As will be noted, only two of the foregoing assignments of error affect O'Donnell, namely, that the trial court erroneously instructed the jury on the subject of contributory negligence, and that the amount of damages awarded is excessive. As to the first, no complaint whatever is made as to the correctness of the statement of the legal principles embodied in said instructions, but it is contended that inasmuch as neither defendant affirmatively pleaded *contributory* negligence as a defense it was error to give any instructions upon that subject. As already stated, however, it was affirmatively alleged by O'Donnell as a special defense in his answer and by both defendants in their cross-complaints that plaintiff was negligent in the operation of his automobile and that such negligence was the proximate cause of the collision. Therefore, inasmuch as defendants themselves brought the issue of plaintiff's negligence into the case, the court was fully warranted in giving to the jury the legal principles to be applied by it in determining the merits of the case in the event it found that plaintiff's negligence was established by the evidence. Moreover it would appear that defendants are not in a position to complain of the giving of such instructions because, even conceding they were improperly given, the detrimental effect thereof operated against plaintiff, rather than against defendants.

As to the question of damages, the evidence shows that plaintiff was a cement worker and earned $8 a day; that as a result of the accident he suffered a slight concussion of the brain, his left second rib was fractured, and

he was bruised about the left shoulder. He was confined two days in the hospital and lost 75 days' work; his total special damage for loss of earnings, cost of medical treatment, hospitalization, and damage to his automobile amounted to approximately $816; and at the time of trial, which took place about 16 months after the accident, he had not completely recovered from the effects of the injuries he received. Taking into consideration also the element of pain suffered by him as a result of said injuries, it cannot be fairly said that the award of $1500 was so disproportionate as to justify the conclusion that the verdict was given under the influence of passion or prejudice.

Therefore, since no error in the trial of the action against O'Donnell has been shown, the order granting a new trial as to him cannot be sustained.

Aside from the questions of negligence and damages, however, the case against Bray, as owner of the delivery wagon and as O'Donnell's employer, stands on a different footing and must be governed by different legal principles. In this regard section 1714¼ of the Civil Code provides that every owner of a motor vehicle shall be liable and responsible for injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, provided that the liability of an owner for imputed negligence imposed by said section and not arising through the relationship of principal and agent or master and servant shall be limited to the amount of damages specified in said code section. Among the other instructions given by the court in the present case was the following: "I instruct you that the answer of the defendant Walter G. Bray doing business under the firm name and style of Walter G. Bray Co., alleges that on December 25, 1930, the date of the accident here in question, said Walter G. Bray was the owner of the Chevrolet delivery automobile which was involved in the accident of the plaintiff in this case. I further instruct you that the law *presumes* that the person operating an automobile is doing so as the agent of the owner, and that this *presumption* amounts to evidence of that fact. I therefore instruct you that unless evidence has been introduced in this case which convinces you that the defendant John

O'Donnell was not operating the automobile at the time of the accident as the agent of the defendant Walter G. Bray, the *presumption* that he was so operating said automobile as the agent of said defendant Bray stands as evidence of that fact, until the contrary is shown.'' (Italics ours.)

Such an instruction is erroneous. (*Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128]; *Kruse* v. *White Brothers,* 81 Cal. App. 86 [253 Pac. 178].) As pointed out in the above cases and in those cited therein, the deduction of agency or permissive use which a jury may make in the absence of evidence to the contrary from proof of ownership of an automobile by one person and its use by another is an inference and not a presumption. (See also memorandum opinions of Supreme Court in denying hearing in *Maupin* v. *Solomon,* 41 Cal. App. 323, 326 [183 Pac. 198], and *McWhirter* v. *Fuller,* 35 Cal. App. 288, 292 [170 Pac. 417].) As further pointed out the jury under such circumstances may draw such an inference, but it is not bound to do so; that therefore an instruction embodying the words ''presumption'' and ''presume'' instead of the words ''inference'' and ''infer'' is erroneous. (*Kruse* v. *White Brothers, supra; Albert* v. *McKay & Co.,* 53 Cal. App. 325 [200 Pac. 83]); and if the effect thereof be prejudicial, the giving of such an instruction serves as grounds for new trial (*Fahey* v. *Madden, supra*) or reversal (*Albert* v. *McKay & Co., supra; Kruse* v. *White Brothers, supra*). ▮ Furthermore it is well settled that in determining whether the giving of an erroneous instruction has operated prejudicially, much is committed to the discretion of the trial court, and that where the trial court grants a new trial on that ground, its conclusion will not be disturbed unless it appears that its discretion has been abused. (*Sheets* v. *Southern Pac. Co.,* 212 Cal. 509 [299 Pac. 71]; *Pope* v. *Wenisch,* 109 Cal. App. 608 [293 Pac. 622]; *Montgomery* v. *Globe Grain & Mill. Co.,* 109 Cal. App. 695 [293 Pac. 856]; *Thompson* v. *California Const. Co.,* 148 Cal. 35 [82 Pac. 367]; *Associated Fruit Co.* v. *Marone,* 68 Cal. App. 358 [229 Pac. 898].) ▮ In the present case both O'Donnell and Bray testified that on the day of the accident the delivery wagon was not being used in furtherance of Bray's business, nor in his interests, but that O'Donnell was using the same for his own personal pleasure and without the permission or knowledge of Bray. There was no

testimony given to the contrary. Nevertheless the jury found that Bray also was liable for the damage resulting from the collision. In that state of the record we are not prepared to hold that the trial court abused its discretion in determining that the giving of the erroneous instruction operated prejudicially against Bray.

The giving of the other two instructions about which respondent complains was, in our opinion, not error; and the conclusion we have reached that the trial court was justified in granting Bray a new trial on account of having given the erroneous instruction above discussed, renders the remaining points urged by respondent in support of the trial court's order unimportant.

For the reasons stated the order granting a new trial as to Bray is affirmed, and as to O'Donnell, it is reversed.

Tyler, P. J., and Cashin, J., concurred.