[Civ. No. 24776.   Second Dist., Div. Three.   May 1, 1961.]

TOTS VANCE, Appellant, v. ALEXANDER M. DE LONG,
Respondent.

690

Haskell J. Shapiro for Appellant.

Parker, Stanbury, Reese & McGee and Daren T. Johnson for Respondent.

BISHOP, J. pro tem.*—The plaintiff appealed from the judgment, awarding him nothing, that followed as a matter of course a jury's verdict of "for the DEFENDANT . . . AND AGAINST THE PLAINTIFF . . . ." On his appeal he makes but one contention that the trial court prejudiced his case before the jury by the giving of a certain instruction. The plaintiff has failed, however, to make any of the evidence a part of the record on appeal, so we are in no position to judge, first, if it was error to give the instruction and, then, if it was error, whether it was prejudicial, warranting a reversal. As a consequence, we are affirming the judgment.

The action is one in which the plaintiff sought to recover over $125,000 occasioned by an accident allegedly caused by defendant's negligence. The defendant not only denied the negligence but pleaded four affirmative defenses, the fourth being a complete release executed by plaintiff for valuable consideration paid him by the defendant. The release relied upon was in writing and was set forth in full in defendant's answer. ▇ So far as appears, its genuineness and due execution were not denied, and so stood admitted (Code Civ. Proc., § 448), but it could, nevertheless, without any further pleading on plaintiff's part, be challenged on the ground of mistake, undue influence, fraud, estoppel, or other like defenses. (*Sunset Milling & Grain Co.* v. *Anderson* (1952), 39 Cal.2d 773, 777 [249 P.2d 24, 26]; *Yeomans* v. *Lysfjord* (1958), 162 Cal.App.2d 357, 361 [327 P.2d 957, 960]; and cases cited.)

We infer from the instructions given which are before us that the only issue submitted to the jury, was the matter of the release, a procedure authorized by section 597, Code of Civil Procedure.

It is conceivable that an instruction might be so far out of line that it should be held, on appeal, that a party had been

*Assigned by Chairman of Judicial Council.

denied a fair trial, quite without regard to the evidence. The instruction complained of in this case, however, is not such an instruction. It was in these words: "The writing or writings will constitute the contract of the parties, and one party is not permitted to escape from/its obligations/by showing that he did not intend to do what his words bound him to do." (*Brant* v. *California Dairies, Inc.* (1935), 4 Cal.2d 128, 134 [48 P.2d 13, 16].) How are we to say that, under the circumstances of this case, the instruction should not have been given, and that it was prejudicial error to do so? We can not. For all that the record shows the plaintiff failed to produce any evidence that impaired the effect of the release. He may have testified that it was his counsel who made the offer to settle; the amount received was that set by him; and that the wording of the writing was prepared by his counsel and discussed with him (the plaintiff) before it was signed by him. Plaintiff's only defense against the release may have been his testimony that in spite of what he signed, he did not actually intend to release the defendant from his entire claim, but only to accept the sum paid as a settlement *pro tanto*.

We have suggested these "may have been's" to illustrate the applicability of the many expressions of the governing principle, of which we repeat only a few. ■ "Conceding, for the purposes of this case, that this stipulation presents the instructions given and refused, we cannot say, in the absence of any evidence presented upon the trial, that the giving or refusal of such instructions constituted reversible error." (*Finnall* v. *Merriman* (1910), 13 Cal.App. 609, 611 [110 P. 462, 463].) ■ "The record does not contain the evidence, nor any portion thereof, and, therefore, we must assume that the instructions given were applicable to the proofs and that those refused were properly disallowed." (*Cook* v. *Suburban Realty Co.* (1912), 20 Cal.App. 538, 543 [129 P. 801, 803].) ■ "An instruction should not be considered as merely an abstract statement of a principle of law, but it must relate to and be measured by the circumstances of the case in which it was given." (*Montgomery* v. *Globe Grain & Mill Co.* (1930), 109 Cal.App. 695, 699 [293 P. 856, 858].) ■■ "It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper

692

instruction, there might have been a finding in his favor.'' (*Hamlin* v. *Pacific Electric Ry. Co.* (1907), 150 Cal. 776, 783 [89 P. 1109, 1112].) ██ ''. . . in the absence of the evidence and instructions it must be presumed that the court correctly instructed the jury. . . .'' (*Kaufman* v. *Pacific Indem. Co.* (1936), 5 Cal.2d 761, 768 [56 P.2d 504, 507].) ''The rule is that 'No judgment shall be set aside . . . on the ground of misdirection of the jury . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' (Cal. Const., art. VI, § 4½;. . . .)'' (*Cucinella* v. *Weston Biscuit Co.* (1954), 42 Cal.2d 71, 82 [265 P.2d 513, 520].)

The appeal from the order denying plaintiff's motion for a new trial is dismissed. (*Armenta* v. *Churchill* (1954), 42 Cal.2d 448, 451 [267 P.2d 303].) The judgment is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.