. [S. F. No. 2231.   Department One.—March 19, 1902.]

## AUGUSTUS H. PETERS, Respondent, v. McKAY & CO., Appellant.

NEGLIGENCE—DEFECTS IN RAILROAD TRACK—DERAILMENT OF CAR—IN-
JURY TO EMPLOYEE—PLEADING.—A complaint in an action by an
employee of a railroad company, which states in substance that the
railroad-track and road-bed were improperly constructed, and were
not kept in good repair after construction, and that by reason
thereof, the cars of defendant were derailed, and plaintiff injured,
states a cause of action.

ID.—SUPPORT OF VERDICT—CONFLICTING EVIDENCE—APPEAL.—Where the
evidence for the plaintiff was sufficient to prevent a nonsuit, and to
justify a verdict for the plaintiff, upon a state of facts indicating
that the cars probably left the track by reason of defects in the
track and road-bed, evidence for the defendant tending to show that
the car was derailed by a piece of wood unintentionally placed upon
the track by a wood-chopper, only serves to create a conflict in the
evidence, and the verdict for the plaintiff cannot be reviewed upon
appeal.

ID.—POSSIBLE CAUSES OF INJURY—RULE FOR JURY.—The rule that where
there are two or more possible causes of injury, for one or more of
which the defendant is not responsible, the plaintiff must prove that
the injury was wholly or partly the result of that cause which
would render the defendant liable, and that if the evidence leaves
it just as probable that the injury was the result of one cause as of
the other, the plaintiff cannot recover, is more applicable as a rule
to guide the jury in passing upon the facts than as a rule to guide the
appellate court in passing upon the sufficiency of the evidence.

ID.—NEGLIGENCE OF FELLOW-SERVANT—PLEADING—INSTRUCTION.—The
negligence of a fellow-servant is an affirmative defense which must
be specially pleaded; and in the absence of such pleading, it was
not error to refuse instructions upon that question.

APPEAL from a judgment of the Superior Court of Hum-
boldt County and from an order denying a new trial.
G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Mastick, Van Fleet & Mastick, for Appellant.

The injury was not shown to have been the result of
negligence, and the plaintiff, having the burden of proof, can-
not recover upon evenly balanced evidence, or upon mere

surmise, conjecture, or possibility. (*Grant* v. *Pennsylvania etc. R. R. Co.*, 133 N. Y. 657; *Hanigan* v. *Lehigh etc. R. R. Co.*, 157 N. Y. 244; *Orth* v. *St. Paul etc. R. R. Co.*, 47 Minn. 384; *Wheelan* v. *Chicago etc. Ry. Co.*, 85 Iowa, 167; *Atchison etc. R. R. Co.* v. *Aderhold*, 58 Kan. 293; *Koslowski* v. *Thayer*, 66 Minn. 150; *Hughes* v. *Cincinnati etc. R. R. Co.*, 91 Ky. 531; *Illinois Central R. R. Co.*, v. *Cathy*, 70 Miss. 332; *Clare* v. *New York etc. R. R. Co.*, 167 Mass. 39; *Illinois Central R. R. Co.* v. *Jones* (Miss.), 16 South Rep. 300; *Plefka* v. *Knapp etc. Co.*, 145 Mo. 316; *Louisville etc. R. R. Co.* v. *Victory* (Ky.) 47 S. W. Rep. 440; *Wintuska* v. *Louisville etc. R. R. Co.*, 14 Ky. Law Rep. 579.)

Gregor & Connick, for Respondent.

There is sufficient evidence from which the jury could deduce the negligence of the defendant as an inference of fact; and the verdict cannot be disturbed, notwithstanding conflicting evidence, or a possible inference of fact to the contrary. (*McDermott* v. *San Francisco etc. R. R. Co.*, 68 Cal. 34; *Hennessy* v. *Bingham*, 125 Cal. 630; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447; *Davis* v. *Pacific Power Co.*, 107 Cal. 575.[1])

GAROUTTE, J.—This is an action brought by an employee of defendant to recover damages for an injury alleged to have been received by him through its negligence. Plaintiff had a verdict and judgment, and the defendant appeals from the judgment and order denying a motion for a new trial.

The defendant is a corporation engaged in the business of logging and lumbering in the county of Humboldt; and in the course of that business it maintains and operates a railroad about seven miles long, over which it hauls its logs. Plaintiff was employed as a train-hand on the railroad, and on the occasion in question he was injured, by reason of the derailment of the car upon which he was employed.

The substance of the complaint is, that the railroad track and road-bed were improperly constructed, and also not kept in good repair after construction; that by reason thereof the cars of defendant were derailed and plaintiff injured. A

---

[1] 48 Am. St. Rep. 156.

general and special demurrer to the complaint was overruled, and error is relied upon by reason of such ruling. The complaint states a cause of action. (*House* v. *Meyer,* 100 Cal. 592; *Stephenson* v. *Southern Pacific Co.,* 102 Cal. 146; *Cunningham* v. *Los Angeles Ry. Co.,* 115 Cal. 566.) If there be ambiguities and uncertainties in the allegations of the complaint, they are not sufficiently substantial to demand a reversal of the judgment upon appeal. (*Alexander* v. *Central Lumber and Mill Co.,* 104 Cal. 536.)

As evidenced by appellant's brief, the important question raised upon this appeal relates to the sufficiency of the evidence to support the verdict of the jury. And in the consideration of this question only the evidence offered by plaintiff will be examined. There is testimony to the effect ''that there was a sharp curve in the track where the car was derailed; that the train consisted of eight cars, and was backing at the rate of fifteen miles per hour; that there was no defect in the car which left the track; that the rails were old, mashed, stringy; that the joints were low; that the rails were remnants of a quantity of second-hand, old rails of all lengths; that they were not good rails; that the road was out of alignment; that the ties were loose; and that the degree of curvature at the point of the accident was about twenty degrees and unusual. According to the testimony of an expert engineer, this curve was a 'very irregular curve,' had several 'sharp kinks in it,' and that he never found in all his experience a railroad 'so much out of line as this road' ''; and, as expressed by several witnesses, the track at this point was ''rough, very rough.'' The further fact was established that the car left the track at the sharpest point of the curve.

Upon the foregoing state of facts the court concludes that the jury were justified in finding a verdict against defendant as to the cause of the accident and as to its negligence. Upon this state of facts the jury were justified in saying that the car probably left the track by reason of the defects above detailed. Upon this point it is a strong case of circumstantial evidence. At least, it may be said that this evidence was sufficient to justify the denial of a motion for a nonsuit. Appellant relies upon the principle of law stated in *Grant* v. *Pennsylvania etc. R. R. Co.,* 133 N. Y. 657, to the effect that ''where there are two or more possible causes of an injury,

for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. If the evidence in a case leaves it just as probable that the injury was the result of one cause as of the other, the plaintiff cannot recover." It seems to the court that this principle of law is more applicable as a rule to guide the jury in its deliberations upon the facts than it is as a rule to guide the appellate court in passing upon the sufficiency of the evidence.

In this case defendant offered evidence tending to show that the car was derailed by a piece of wood placed upon the track unintentionally by a near-by wood-chopper; and the principle of law invoked from the New York case is more directly in point when this evidence is considered jointly with the evidence of plaintiff. But, after all, it was for the jury to say from all the circumstances, whether it was more probable that the defective road-bed and rails caused the car to leave the track, or more probable that a stick of wood caused it to do so. As far as this court is concerned, in reviewing this question, the testimony tending to show that the car left the track by reason of a mislaid stick presents a mere conflict of evidence. If plaintiff made a *prima facie* case for a recovery, then this evidence as to the stick, as just observed, only serves the purpose of creating a conflict, and such a conflict is not a matter for review by this court. In weighing probabilities as to the two respective causes for the accident, this court would not be passing upon a question of law, but upon a pure question of fact. The jury declared it was more probable that the defective road-bed and rails caused the accident than it was that the stick caused it, and with that declaration this court will and must be satisfied. The facts of plaintiff's case do not fit the facts disclosed in *Puckhaber* v. *Southern Pacific Co.,* 132 Cal. 363.

It is insisted that the court erred in refusing instructions upon the question of the negligence of a fellow-servant. Upon this point it is only necessary to say that no affirmative defense of that kind is made by the pleading, and in the absence of such a pleading, the instruction was properly refused. (*Conlin* v. *San Francisco etc. R. R. Co.,* 36 Cal. 404; *Bjorman* v. *Fort Bragg Redwood Co.,* 104 Cal. 626; *Gibson* v. *Stirling*

*Furniture Co.*, 113 Cal. 1; *Layng* v. *Mount Shasta Mineral Spring Co.*, 135 Cal. 141.) It is claimed that the principle of law declared by these cases should be overruled. The doctrine has been recognized and approved too long to be set aside without grave reasons. Those reasons do not present themselves to the court. The remaining objections made to instructions given and refused are of minor importance and unavailing as grounds for a reversal of the judgment.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.