[Civ. No. 4457. Second Appellate District, Division Two.—November 9, 1923.]

ELSIE TIETKE, Respondent, v. FRED FORREST, Appellant.

[1] Negligence—Explosion of Gas Stove—Improper Installation —Pleading.—In this action for damages for personal injuries sustained by plaintiff as a result of the explosion of a gas stove purchased from and installed by defendant, the complaint alleging that defendant was careless and negligent in the installation of said stove, in that the oven burner thereof was improperly adjusted, so that it had an insufficient supply of secondary air, and that the stove was placed too close to the wall to permit sufficient secondary air to enter said oven burner, which defects were not known to plaintiff, followed by allegations as to how the explosion happened, and that plaintiff's injuries were proximately caused by said negligence on the part of defendant, was sufficient to state a cause of action, although there was no allegation from which it could be inferred that secondary air is so vital to the proper or safe operation of a gas stove as to make an installation negligent or careless when it fails to provide therefor.

[2] Id.—Sufficiency of Complaint—Failure to Demur—Construction on Appeal.—The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by failure to demur, but may be raised for the first time on appeal, but the pleading will then be liberally construed, and if the necessary facts appear by implication only, or as a conclusion of law, it will be upheld.

[3] Id.—Allegation by General Averment.—In an action for damages claimed to have been caused by the negligence of defendant, it is necessary only to allege negligence by general averment that defendant negligently did the particular act which resulted in the damage to plaintiff.

[4] Id.—Gas Stove Explosion—Evidence—Verdict.—In this action for damages for personal injuries sustained by plaintiff as a result of the explosion of a gas stove purchased from and installed by defendant, which explosion it was alleged resulted from an insufficient secondary air supply, the evidence, though conflicting, was sufficient to bear out the allegations of the complaint and to support the verdict of the jury in favor of plaintiff.

1. Seller's liability for injuries caused by explosive, notes, 12 Ann. Cas. 267; Ann. Cas. 1913E, 399; 29 L. R. A. 337; 32 L. R. A. (N. S.) 809; L. R. A. 1915E, 1022.

[5] ID. — CAUSES OF INJURY — RESPONSIBILITY OF DEFENDANT — EVI-
DENCE.—The rule that where there are two or more possible causes
of injury, for one or more of which the defendant is not re-
responsible, if the evidence leaves it just as probable that the
injury was the result of one cause as of the other, the plaintiff
may not recover, is applicable more as a rule for the guidance of
the jury in passing upon the facts than for the appellate court
in passing upon the sufficiency of the evidence.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Moote & Patterson and Harold S. Kiggens for Appellant.

Charles Robert McCarty for Respondent.

CRAIG, J.—This is an action brought to recover dam-
ages for personal injuries sustained by the plaintiff as a
result of the explosion of a gas stove purchased from and
installed by the defendant. The cause was tried before a
jury and a verdict was rendered in favor of plaintiff, and
judgment was entered in accordance therewith, from which
judgment defendant now appeals.

It appears that at the time of the occurrence which gave
rise to this action, and for some years previously thereto,
the defendant conducted a business of selling and installing
gas stoves for cooking purposes in the city of Los Angeles,
and known as the Forrest Stove Works. He sold one of
such stoves to the plaintiff, and installed in her home a
second-hand stove, to be used until such time as he could
deliver the new one; the stove temporarily in use was lighted
at the oven, in the ordinary performance of household
duties, and when the oven was subsequently opened by
plaintiff there was an explosion of gas, which burned her
about the face, arms and hands. [1] The complaint al-
leges that defendant was careless and negligent in the in-
stallation of said stove, in that the oven burner thereof was
improperly adjusted, so that it had an insufficient supply of
secondary air; that the stove was placed too close to the wall
to permit sufficient secondary air to enter said oven burner.
That the said defects were not known to plaintiff. The

complaint further alleges that defendant advised the plaintiff that said stove was properly installed and was ready and safe for use, but that by reason of said lack of secondary air the oven burner, after being so lighted, and after the closing of said oven door, and without negligence on the part of plaintiff, went out, and the oven was filled with gas; that thereafter the plaintiff opened said door and the gas so collected in said oven, as aforesaid, exploded and inflicted upon plaintiff's person the alleged injuries. It is further charged that the plaintiff's injuries were proximately caused by the aforesaid negligence on the part of defendant, and not otherwise.

An answer was filed herein, denying generally and specifically each of these allegations, and the case went to trial upon the pleadings, resulting in a verdict in favor of the plaintiff.

No demurrer was interposed to the complaint, but defendant here contends that it does not state facts sufficient to constitute a cause of action, in that there is no allegation from which it may be inferred that secondary air, and a sufficient supply thereof, is so vital to the proper or safe operation of a gas stove as to make an installation negligent or careless when it failed to provide therefor. It was argued that the complaint must necessarily show wherein the acts or omissions complained of constitute carelessness or negligence.

[2] The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by failure to demur, but may be raised for the first time on appeal, but the pleading will then be liberally construed, and if the necessary facts appear by implication only, or as a conclusion of law, it will be upheld. (*Ohio Electric Car Co.* v. *MacIntosh,* 182 Cal. 450 [188 Pac. 982].) It has repeatedly been held to be the rule in this state that, while it must appear from the facts averred that the negligence caused or contributed to the injury, and that a complaint is not sufficient if no fact is stated which shows how the injury was caused, or that it was not caused through a patent defect (*Smith* v. *Buttner,* 90 Cal. 95 [27 Pac. 29]), yet an averment of the facts constituting the negligence, in general terms, is sufficient, the more specific facts being generally more largely within the knowledge of the defendant than

that of the plaintiff. (*Cunningham* v. *Los Angeles R. Co.,* 115 Cal. 561 [47 Pac. 452]; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143 [34 Pac. 618, 36 Pac. 407]; *Schmidt* v. *Bauer,* 80 Cal. 565 [5 L. R. A. 580, 22 Pac. 256]; *Cahill* v. *E. B. & A. L. Stone Co.,* 153 Cal. 571 [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; *Pigeon* v. *W. P. Fuller & Co.,* 156 Cal. 691 [105 Pac. 976].) [3] It is sufficient to call attention to the rule frequently announced by the supreme court, that it is necessary only to allege negligence by general averment that defendant negligently did the particular act which resulted in the damage to plaintiff. (*Rathbun* v. *White,* 157 Cal. 248, 254 [107 Pac. 309]; *Smith* v. *Buttner,* 90 Cal. 95, 99 [27 Pac. 29].) The complaint fully measures up to the standard required by these authorities. From the excerpts which we have set forth, in substance or *in haec verba,* it is apparent that it contains more than an allegation of negligence on the part of the defendant in general terms, and specifies with considerable particularity conduct which it is alleged was negligent, and was the proximate cause of the plaintiff's injury. Again, the matter of pleading becomes unimportant when a case is fairly tried, as this one apparently was, upon the merits and under circumstances which indicate that nothing in the pleadings misled appellant to his injury. (*Stein* v. *United Railroads of San Francisco,* 159 Cal. 368 [113 Pac. 663].) If it were true, as urged by appellant, that the complaint does not clearly allege the importance of secondary air to the proper or safe operation of the gas stove in question, he cannot be said to have been misled by this omission.

[4] The next and only remaining point made by appellant is that the evidence falls far short of bearing out the allegations of the complaint and wholly fails to support the verdict of the jury. Testimony was introduced by the respondent tending to show that appellant hurriedly connected the stove when it was installed by him, that plaintiff remarked at the time that she smelled escaping gas, but that appellant made no test, and assured her that the stove was in proper condition for use. Plaintiff was supported in these statements by her mother and sister, and witnesses experienced in the construction and installation of gas stoves of the style here involved testified that secondary air is taken in from the outside to feed the burner; one expert

witness stated positively that in his opinion the lack of secondary air caused the fire to go out. Others stated that the stove was set too close to the wall, and that the trouble was due to insufficient secondary air, and that the defect could have been remedied so as to have allowed proper ventilation and the entrance of secondary air. The appellant testified that he tested the stove, and that it was in good condition and properly installed; that there was no lack of secondary air, but that there were various ways that an explosion could occur. This and other evidence to the same effect constitutes nothing more than a conflict in the testimony, which can never be a ground for reversal.

It is obvious that the case was tried by both sides upon the theory presented by the complaint, and it cannot be said that there was no evidence to support the elements necessary to constitute respondent's case, or that any element thereof was merely inferred by the jury without substantial evidence to justify it. If, as was testified, the stove was placed so near the wall that proper ventilation was rendered impossible, and this prevented secondary air to enter, causing gas to accumulate, float, and explode, and there were not sufficient holes in the bottom, which contributed to the same difficulty, appellant, while engaged in installing an instrument consuming a dangerous substance such as fuel gas, would be presumed to know what adjustments were proper and expected to make them.

Considerable evidence was offered going to show that the explosion might have been the result of other causes than the appellant's negligence. It will serve no good purpose to quote this testimony here. **[5]** Appellant seems to rely upon the rule that where there are two or more possible causes of injury, for one or more of which the defendant is not responsible, if the evidence leaves it just as probable that the injury was the result of one cause as of the other, the plaintiff cannot recover. However, this principle is applicable more as a rule for the guidance of the jury in passing upon the facts than for the appellate court in passing upon the sufficiency of the evidence. (*Peters* v. *McKay,* 136 Cal. 73 [68 Pac. 478].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.