[Civ. No. 8629. First Appellate District, Division Two.—April 26, 1933.]

D. L. HILSON, Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

428

Thomas J. Straub, W. R. Dunn and Clinton F. Stanley for Appellant.

Ford & Johnson and Elliott Johnson for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by the defendant from a judgment entered upon a jury verdict. The evidence most favorable to the plaintiff may be summarized as follows:

The plaintiff on April 7, 1930, was the owner of a building, a portion of which was occupied and used as a bakery by a tenant named Joachim. In the bakery was a bake oven operated by gas supplied by the defendant. The defendant supplied this gas to a meter at the side of the building and from the meter the gas was conveyed through pipes owned by the baker to the oven. There were four burners on the oven and in lighting them the baker used a torch consisting of an iron pipe attached to a rubber hose and furnishing a small flame. Some time before the date in question the defendant had substituted natural gas for artificial gas in its system. At the outset this natural gas was reformed be-

fore distribution to approximate the artificial gas previously supplied, but on March 13, 1930, the defendant commenced to furnish through its pipes straight natural gas. This change in the character of gas served made it necessary to adjust the burners on gas equipment so as to reduce the quantity of gas passing through the burners approximately one-half and thereby also double the proportion of air passing through the burners. The defendant assumed to make such adjustment upon the burners in Joachim's bake oven. Nevertheless, from about the time of the change from reformed natural gas to straight natural gas Joachim had trouble with the burners of his gas oven flaring up and going out. He complained of this to the defendant and on at least two occasions an employee of defendant visited his bakery and examined the burners, but made no further adjustment and the employee making the last visit stated to Joachim that the pipes still contained a mixture of the old and new gases and when they were cleared of the old gas the burners would give no further trouble. On the morning of April 7, 1930, Joachim lighted the four burners of his oven at about 8 o'clock and started to mix his doughs. About twenty minutes thereafter he looked at the oven and found the burners all extinguished. He opened the doors and turned off the cocks on the burners. Though he smelled no odor of gas he let the oven and the room ventilate for at least ten minutes. At the end of that time he went back and still smelling no odor of gas he lighted the torch to rekindle the burners and a violent gas explosion occurred which did considerable damage to the building. It was further in evidence that natural gas is odorless and that when properly served an odorant is added to it, but that none had been added by defendant to the gas being served to Joachim. Mr. Britton, division superintendent of defendant's gas department, testified that the gas in this oven might have gone out for any one of three reasons: A down draft in the flue, an inadequate gas pressure or a faulty adjustment of the burners causing a lack of oxygen in the gas emitted from the burners. He further testified that the type of burner here involved would not be likely to be extinguished by a down draft in the flue. The testimony was that prior to the serving of straight natural gas Joachim had had no trouble with the burners.

■ Defendant made a motion for nonsuit which was denied. This is urged as error on several grounds. On the theory that no specific act of negligence proximately causing the explosion was shown, appellant argues that it could be liable only if the doctrine of *res ipsa loquitur* is applied and then proceeds to urge that that doctrine can have no application under the facts of this case. We will defer a consideration of the application of *res ipsa loquitur* until we come to discuss the instructions for the reason that we are satisfied that under the evidence above detailed the jury would have been justified in bringing in a verdict against defendant without having recourse to the *res ipsa loquitur* rule. While the evidence is entirely circumstantial as to the cause of the burners being extinguished, nevertheless the jury could properly draw an inference that this was due to a faulty adjustment of the burners by defendant, to a lack of proper pressure in the gas supplied by it, or to a combination of both. They could also properly infer from the fact that no explosion occurred when the burners were lighted the first time on the morning of April 7th, that the gas which was exploded accumulated from the extinguished burners before they were turned off, and was not dissipated by the efforts of Joachim to ventilate. Appellant apparently would have us apply to plaintiff's evidence the rule laid down in *Wilbur* v. *Emergency Hospital Assn.*, 27 Cal. App. 751 [151 Pac. 155], wherein it was held that a theory cannot be established by circumstantial evidence unless the facts are such and so related to each other that it is the only conclusion that can fairly or reasonably be drawn therefrom. ■ But the rule is now settled otherwise so that ''circumstantial evidence in civil cases, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury''. (*Chalmers* v. *Hawkins*, 78 Cal. App. 733, 739 [248 Pac. 727, 730] ; opinion of Supeme Court in denying a hearing in *Estate of Wallace*, 64 Cal. App. 116 [220 Pac. 682] ; *Tietke* v. *Forrest*, 64 Cal. App. 364, 368 [221 Pac. 681] ; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 Pac. 42, 26 A. L. R. 123] ; *Ley* v. *Bishopp*, 88 Cal. App. 313, 315, 316 [263 Pac. 369] ; *Barham* v. *Widing*, 210 Cal. 206, 214, 215 [291 Pac. 173] ; *Peters* v. *McKay & Co.*, 136 Cal. 73, 75, 76

[68 Pac. 478].) In *Barham* v. *Widing, supra,* the Supreme Court upheld a judgment based upon an inference drawn from circumstantial evidence, although the inference was opposed to the direct testimony of defendant and another witness, the court saying at page 215: "The jurors were entitled to accept the solution to which these circumstances led them in preference, even, to the positive statements of the defendant and his nurse to the contrary." In *Mah See* v. *North American Acc. Ins. Co., supra,* at page 426, the court announced the rule as follows: "Even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury . . . and . . . the verdict of the jury . . . cannot be set aside by this court on the ground that it is not sustained by the evidence."

 Appellant further argues in support of its claim of error that the explosion was solely due to the negligence of Joachim as an independent intervening agency. Joachim smelled no gas, he ventilated for ten minutes, and the gas furnished by defendant was odorless, no odorant having been added by defendant. It is true, as appellant points out, that the fact that the gas was without odor is not pleaded by plaintiff to support his cause of action, but the fact was none the less relevant to a determination of the question whether Joachim was guilty of any negligence in attempting to relight the burners after ventilating for ten minutes. We think that the question whether Joachim was guilty of negligence was a question of fact to be resolved by the jury. Even if Joachim was negligent, however, his negligence would not break the chain of causation, but would be concurrent with that of defendant and either or both would be liable at the plaintiff's election. The facts are similar on this point to those involved in *Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559]. The rule announced in that case is controlling upon the facts here presented and *Catlin* v. *Union Oil Co.,* 31 Cal. App. 597 [161 Pac. 29], is clearly distinguishable on its facts. The correct rule was recently reiterated in *Sawyer* v. *Southern Cal. Gas Co.,* 206 Cal. 366, 375 [274 Pac. 544, 547]: "The rule, as we under-

stand it, applicable to such cases, is that where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; but if the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken he owes no duty to the plaintiff to anticipate such further acts, and the original negligence cannot be said to be the proximate cause of the final injury.'' The facts of this case in our judgment bring it well within the rule first above stated. The defendant, particularly while serving an odorless gas, should reasonably foresee the probability of an explosion from a person attempting to relight the burners where they had become extinguished through its negligence. (See, also, *Katz* v. *Helbing*, 215 Cal. 449 [10 Pac. (2d) 1001].)

The court gave the jury the following instruction which is attacked by appellant on several grounds:

''You have been heretofore instructed the defendant the Pacific Gas and Electric Company has admitted that it had control of the flow, supply and distribution of gas to the building in question, and if you find from the evidence that the explosion was an explosion of gas supplied by defendants and controlled by them, and that such explosion would not have occurred in the ordinary course of things if the defendant had used proper care in the managing, supplying, and controlling of such gas such facts raise the presumption that the said Pacific Gas and Electric Company was negligent.''

No complaint is made of the portion of this instruction which informed the jury that the defendant ''has admitted that it had control of the flow, supply and distribution of gas to the building'', since this was expressly admitted by the pleadings. Appellant does contend, however, that on the facts proved the giving of any instruction on the theory of *res ipsa loquitur* was error. In this connection appellant points out that the gas passed from the meter through pipes belonging to Joachim and through a service regulator owned by the Gas Consumers Association, over none of

which had defendant control, and argues that it is settled law that the doctrine of *res ipsa loquitur* can only apply when the defendant has exclusive control of the instrumentality causing the injury, and can in no event apply when the accident may as well have been due to one or more causes over which defendant had no control. This is a correct statement of the rule. (*Olson* v. *Whitthorne & Swan,* 203 Cal. 206 [263 Pac. 518, 58 A. L. R. 129]; *Hill* v. *Pacific Gas & Elec. Co.,* 22 Cal. App. 788 [136 Pac. 492]; *White* v. *Spreckels,* 10 Cal. App. 287 [101 Pac. 920]; *Ingledue* v. *Davidson,* 102 Cal. App. 704 [283 Pac. 840]; *Lewis* v. *Southern California Gas Co.,* 92 Cal. App. 670 [268 Pac. 930]; *Keller* v. *Cushman,* 104 Cal. App. 186 [285 Pac. 399].) Appellant particularly relies upon *Hill* v. *Pacific Gas & Elec. Co., supra,* and *White* v. *Spreckels, supra,* as being closely in point. In *White* v. *Spreckels, supra,* the plaintiff was injured by the explosion of a steam radiator in an apartment occupied by plaintiff, to which radiator defendant supplied the steam. In that case the court held that the doctrine of *res ipsa loquitur* could not be applied to make a case for plaintiff, since it was as likely that the explosion was caused by a defect in the radiator as it was that it was caused by an excess pressure of steam supplied by defendant, the court saying at page 294: "If we rely on the doctrine of probabilities we might as reasonably infer that the explosion was caused by the use of wet towels upon the radiator, or by reason of the radiator having been changed or weakened by its use by the lessee, as that it was caused by an excessive pressure of steam. The evidence is not such as to raise a presumption which shows that defendants were guilty of negligence."

In *Hill* v. *Pacific Gas & Elec. Co., supra,* the action was for the death of an employee of a mining company who was killed by an electric shock while working in the mine. The electric current was supplied to the mining company by defendant and conveyed through the mine by wires and appliances owned and controlled by the mining company. The court held that the *res ipsa loquitur* doctrine could not be applied on the facts to make out a case against the defendant. The evidence in that case showed that the defendant's control of the current ceased when it left the defendant's meter, that thence it passed through transformers owned and

controlled exclusively by the mining company, which were designed to reduce the electricity to a lower voltage, and thence through instrumentalities likewise exclusively owned and controlled by the mining company. The court said at page 791: "But the electricity which caused the injury was not, at the time and place of the injury, under the management or control of the electric company, nor were any of the appliances by which the electricity was being utilized under its management or control, nor was it in any degree responsible for any failure of these appliances to perform their offices. No causal connection of the electric company, at the time of the accident, with the thing which caused the injury was shown."

It will be observed of both these cases that the plaintiff was relying upon the doctrine of *res ipsa loquitur* to make out a case of negligence after the proof of the accident and injury without more. In neither case was there circumstantial evidence from which the jury or court might properly conclude that the injury had been caused in a particular manner or by a particular agency which was under the control of the defendant. In the case before us, on the other hand, the plaintiff made a strong circumstantial case that the accident occurred from one of two causes for both of which the defendant would be directly responsible: An insufficient gas pressure or a faulty adjustment of the burners by defendant's employees. If the jury found that the cause was an insufficient gas pressure then the doctrine of *res ipsa loquitur* would properly apply since the gas pressure was a matter under the direct control of defendant. The case in this respect is similar to *Bergen* v. *Tulare County P. Co.*, 173 Cal. 709 [161 Pac. 269], in which *Hill* v. *Pacific Gas & Elec. Co.*, *supra*, was discussed and distinguished. In the Bergen case, which was one for wrongful death, the defendant delivered electricity to a pump through transformers installed by defendant. The evidence justified a finding that in some manner a dangerously high voltage passed through or around the transformers causing decedent's death. The court said at page 720: "The eleventh instruction stated the rule that if plaintiff had established by a preponderance of evidence the death of her decedent while he was exercising ordinary care, by an excessive and dangerous current furnished by defendant through the elec-

tric light wire, it then devolved upon defendant to show that the excessive voltage was not due to its negligence. This did not unduly extend the doctrine *res ipsa loquitur* as appellant complains that it did. Such control as Mr. Bergen exercised over the equipment of his pumping station could not have resulted in an increase of the voltage; therefore the presence of a death-dealing current in the wire through which defendant had contracted to furnish a current of 110 volts was sufficient to afford reasonable evidence of negligence on its part.''

The same distinction was recognized and pointed out in *Hill* v. *Pacific Gas & Elec. Co., supra*, in discussing the decisions from other jurisdictions. (22 Cal. App., pp. 794 and 804, 805.)

At the request of the defendant the following instruction was given by the court: ''You are instructed that the defendant is under no duty to inspect or maintain any of the gas appliances used by the plaintiff or his tenants or to inspect or maintain any of the gas pipes in the premises, beyond the point where such pipes connect with the outlet to the gas meter, and if you believe from the evidence in this case that the explosion which is alleged to have caused the damage to the plaintiff's premises, if there was such damage, was caused by leaks or accumulations of gas occurring in the gas oven or other appliance, or in leaks occurring in any pipes leading through said premises from the outlet to the meter, without negligence on the part of the defendant, then your verdict must be for the defendant.''

By this instruction the jury were plainly told that if the explosion was due to any instrumentality not under defendant's control without negligence on its part it could not be liable. Reading this instruction with the one complained of, the jury must have understood them to mean that only if they found that the explosion was proximately caused by the ''flow, supply and distribution of gas to the building'' over which defendant ''admitted that it had control'' would the *res ipsa loquitur* doctrine be applicable. We are satisfied that this was a correct statement of the law.

Appellant further complains of the use in this instruction of the words ''proper care'' instead of ''ordinary care''. This is the classic statement of the rule which had its origin in the language of Earle, C. J., in *Scott* v. *London*

*Dock Co.,* 3 Hurl. & C. (Eng.) 596; *Brown* v. *Davis,* 84 Cal. App. 180, 182 [257 Pac. 877]. It has been repeated number-less times in this form by the appellate courts of this state (19 Cal. Jur., p. 704, and cases cited in note 8), and must have been given in this form countless times to juries. We cannot hold that the use of the words "proper care" in this connection was error or could have misled the jury.

Appellant likewise argues that the use of the word "pre-sumption" rather than "inference" in this instruction was prejudicially erroneous. It cannot be gainsaid that the *res ipsa loquitur* doctrine justifies an inference rather than creat-ing a presumption. (*Dowd* v. *Atlas T. & A. Service Co.,* 187 Cal. 523, 531 [202 Pac. 870]; *Albert* v. *McKay & Co.,* 53 Cal. App. 325, 329 [200 Pac. 83].) The appellate courts have themselves done much to create confusion in the use of the two terms especially as applied to *res ipsa loquitur.* As well said by the District Court of Appeal in *Crooks* v. *White,* 107 Cal. App. 304, 310 [290 Pac. 497, 500]:

"The inaccurate use by courts of the word 'presumption', when the word 'inference' was intended, has led to some confusion. Furthermore, these words have been frequently used by the courts interchangeably. Both the appellate and Supreme courts of this state have expressly approved in some cases and held unobjectionable or harmless error in others, the giving of instructions in cases similar to the case at bar, where the following or similar language was used, viz.: 'When it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumen-tality employed in his business, *there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negli-gence on his part.'* (Citing cases.)

"The instruction just quoted is not, technically speaking, a correct statement of the law, but we have been unable to find any case where the giving of such instruction was, in itself, held to constitute reversible error."

In *Atkinson* v. *United Railroads,* 71 Cal. App. 82, 87, 88 [234 Pac. 863, 865], the court said: "We believe the use of the word 'presumption' in said instruction, instead of the word 'inference', was not fatal thereto. It is true, as ap-pellant points out, in the recent case of *Dowd* v. *Atlas T. & A. Service Co.,* 187 Cal. 523 [202 Pac. 870], the court

held that the trial court was justified in modifying a proposed instruction, in that particular, before it was given to the jury; but the court did not go so far as to hold that the use of the word 'inference' was essential to the soundness of said instruction; and inasmuch as the form used in the present case has been expressly approved in numerous previous cases which are hereinafter cited, we are of the opinion that the giving of the same in the form complained of did not have the prejudicial effect upon the jury appellant attributes to it.'' (Citing cases.)

Similar rulings will be found in *Harvey* v. *San Diego El. R. Co.*, 92 Cal. App. 487, 492 [268 Pac. 468], and *Even* .v. *Pickwick Stages System*, 109 Cal. App. 636, 640 [293 Pac. 700]. The use of the word ''presumption'' instead of ''inference'' in this instruction was technically erroneous, but we do not believe that it constituted prejudicial error. While plaintiff's case was necessarily circumstantial it pointed almost conclusively to appellant's negligence as the proximate cause of the explosion. This will be seen if we examine the chain of circumstances briefly again. The links run: No trouble with the oven until straight natural gas substituted for reformed natural gas, making necessary an adjustment of burners; attempted adjustment of burners by defendant; constant trouble thereafter with burners flaring up and going out; gas lighted at 8 A. M. on morning of explosion; apparently no escaped gas present at that time because no explosion occurred; gas found extinguished at 8:20 A. M.; burners turned off and oven and room ventilated for ten minutes; gas relighted and explosion occurred; most likely causes of burners going out either low pressure of gas or improper adjustment of burners, with down draft in flue as a possible, but not probable, cause. More than one man has gone to the gallows upon circumstantial evidence not so strong.

Finally appellant claims that the damages were excessive. The jury allowed $7,000. The building was seriously damaged and had been partly repaired but could not be fully repaired without practically tearing it down and constructing it over. Three thousand dollars was spent in actual repairs and there was a loss of rentals for a period after the explosion. The jury had before it testimony as to the value of the building before the explosion and the extent

and character of the damage, and many photographs of portions of the building after the explosion. The jury was in a position to assess the damages and we cannot say that the amount arrived at was not justified by the evidence. (*Linforth* v. *San Francisco G. & E. Co.*, 156 Cal. 58, 62 [103 Pac. 320, 19 Ann. Cas. 1230].)

Judgment affirmed.

Sturtevant, J., and Spence, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.