[Civ. No. 5522.   Third Appellate District.—January 4, 1937.]

OLA NEWMIRE, Respondent, v. WILLIAM CHAPMAN, Appellant.

Alfred S. Chapman and Winslow P. Hyatt for Appellant.

George Appell and Earl Newmire for Respondent.

PULLEN, ·P. J.—Plaintiff, as assignee of a vendee in an agreement for the purchase and sale of real property, brought this action in damages for failure of the vendor to perform as agreed. Judgment was entered in favor of plaintiff, from which defendant appeals.

In 1924 an agreement of sale of certain real property was entered into between William Chapman, defendant and appellant, herein, through his attorney-in-fact, Charles Lantz, and Earl G. Griffin. Payments were made by Griffin to Lantz according to the terms of the agreement for several months, who then assigned his interest in the agreement to Earl Newmire and Frederick Ohm. Lantz, as attorney-in-fact for the vendor, was notified of this assignment and consented thereto. Thereafter Ohm assigned to Newmire and Newmire assigned to Ola Newmire, plaintiff and respondent herein.

The record discloses that some fifteen payments on account of the contract were paid by Earl Newmire or Ola Newmire to Lantz. On June 3, 1931, some $700 remained unpaid under this agreement. In August, 1932, letters were received by Earl Newmire from Alfred S. Chapman, attorney for William Chapman, appellant herein, informing him of the death of Lantz and stating that an agreement for the purchase of the particular real property had been found in the files of Mr. Lantz and that they were informed that he was purchasing the property and that the records showed a balance due of $720 on the principal and stated that he (Chapman) desired a record in his office files as to what disposition Newmire would make of the matter. Newmire called at the office of Mr. Chapman, who, according to the testimony of Mr. Newmire, then demanded payment of the balance due and promised to furnish a certificate of title. About two weeks later, Newmire called for the certificate of title, but it was not ready. After another unsuccessful attempt or two to get his certificate of title, Newmire tendered the balance due and demanded his deed. Owing to some defect, however, in the title it was impossible to deliver a good title and after considerable delay, notice of rescission was given by plaintiff to defendant and this action was commenced, resulting in the judgment from which this appeal is taken.

It is the first contention of appellant that inasmuch as the agreement of sale provided that it was not assignable

until fully performed without the written consent of the vendor, and the complaint, not alleging such written consent, therefore failed to state a cause of action.

In *Boone* v. *Templeman,* 158 Cal. 296 [110 Pac. 947, 139 Am. St. Rep. 126], certain payments in accordance with the terms of a contract for sale of land were alleged to have been accepted by the seller "without objecting thereto on the ground that plaintiff was not complying with his contract". A general demurrer to this complaint was sustained and in reversing the judgment the court said:

"We think from these facts a court might infer a waiver of the conditions regarding forfeiture and time and that they supported the general allegations of the complaint that Templeman had waived these conditions."

In the instant case no demurrer was filed to the complaint. In *Tietke* v. *Forrest,* 64 Cal. App. 364 [221 Pac. 681], it was held that although the objection that a complaint did not state a cause of action might be raised for the first time on appeal, nevertheless the pleading would be liberally construed and if necessary facts appeared even by implication or as a conclusion of law a judgment based upon such complaint would be upheld.

The clause against assigning is for the benefit of the seller, which benefit it is provided in section 3513 of the Civil Code he may waive, as he may also waive a stipulation as to time. (*Boone* v. *Templeman, supra.*) Here Lantz, as attorney-in-fact for appellant, sold the property and collected the instalment payments over a considerable space of time. He issued a receipt book to plaintiff and caused entries of payments to be made therein. Clearly Lantz possessed all the qualifications of an agent for appellant and appellant is bound thereby. The same may be said of the acts and conduct of Alfred S. Chapman, who subsequently represented appellant and he having demanded payment of the balance from plaintiff, and plaintiff having tendered the balance and demanded the deed, defendant cannot now claim plaintiff was not in a position to demand performance.

Numerous other objections are urged by appellant, such as the denial of a nonsuit, that the findings were not supported by the evidence, the denial of a motion to vacate, etc. But these rulings were in accord with the theory of

the case and principles of law here upheld. The action of the trial court was correct.

The judgment is, therefore, affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.